UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CHRISTOPHER FRANCIS DISPENSA,

    Plaintiff,

v.

                              Case No. 25-cv-12017
                              Hon. Matthew F. Leitman

JONATHAN DAVID GOOD, *et al.*,

    Defendants.
_____/

### ORDER TO (1) SHOW CAUSE WHY ACTION SHOULD NOT BE REMANDED DUE TO LACK OF SUBJECT MATTER JURISDICTION OR (2) FILE SECOND AMENDED NOTICE OF REMOVAL

In this action, Plaintiff Christopher Francis Dispensa claims that Defendants Jonathan David Good and All Elite Wrestling ("AEW") caused him "extensive injuries" when they committed a "violent and unscripted assault" against him during a performance at Little Caesar's Arena in Detroit, Michigan. (*See* Compl. at ¶¶ 10-15, ECF No. 2-1, PageID.33.) On May 30, 2025, Dispensa filed this action against Defendants in the Wayne County Circuit Court. (*See id.*, PageID.39.) Dispensa asserts several state law tort claims against Defendants. (*See id.*)

On July 3, 2025, AEW filed a Notice of Removal in this Court. (*See* Notice of Removal, ECF No. 1.) Shortly thereafter, on July 7, 2025, AEW filed an Amended Notice of Removal. (*See* Am. Notice, ECF No. 2.) AEW contends that

1

removal is appropriate because this Court has original jurisdiction over Dispensa's claims under 28 U.S.C. § 1332.

Federal courts are courts of limited jurisdiction. This Court has subject-matter jurisdiction over (1) "all civil actions arising under the Constitution, laws, or treaties of the United States" (28 U.S.C. § 1331 – "federal question jurisdiction") and (2) "all civil actions where the matter in controversy exceeds the sum or value of $75,000 . . . and is between citizens of different states" (28 U.S.C. § 1332 – "diversity jurisdiction"). The Court is obligated to consider *sua sponte* in every action whether it has subject-matter jurisdiction and to dismiss (or remand) the action if it lacks such jurisdiction. *See, e.g.*, *In re Lewis*, 398 F.3d 735, 739 (6th Cir. 2005); *see also* Fed. R. Civ. P. 12(h)(3).

In order to invoke a federal court's removal jurisdiction under 28 U.S.C. § 1441(b), a defendant must demonstrate that a district court has subject-matter jurisdiction over the action. *See Eastman v. Marine Mech. Corp.*, 438 F.3d 544, 549 (6th Cir. 2006). Here, AEW asserts that this action may be removed based on the Court's diversity jurisdiction. (*See* Am. Notice of Removal at ¶ 5, ECF No. 2, PageID.23.) To establish diversity jurisdiction, AEW must establish that Dispensa and both Defendants are citizens of different states and that the amount in controversy exceeds $75,000.00. *See* 28 U.S.C. § 1332. As the party requesting a

2

federal forum, [AEW] bears the burden of establishing federal jurisdiction." *Siding & Insulation Co. v. Acuity Mut. Ins. Co.*, 754 F.3d 367, 369 (6th Cir. 2014).

AEW's Amended Notice of Removal fails to establish that the Court has diversity jurisdiction over this action because it does not contain enough information to determine the citizenship of AEW. That notice states that AEW is a limited liability company. (Am. Notice at ¶ 3, ECF No. 2, PageID.23.) For diversity purposes, a limited liability company is a citizen of each State in which one or more of its members is a citizen. S*ee V & M Star, LP v. Centimark Corp.*, 596 F.3d 354, 356 (6th Cir. 2010); *Trident-Allied Assocs., LLC v. Cypress Creek Assocs., LLC.*, 317 F.Supp.2d 752, 753 (E.D. Mich. 2004) ("For purposes of diversity, the citizenship of limited liability companies is the citizenship of each of its members."). The Amended Notice of Removal further states that AEW (1) was "formed in the state of Delaware" and (2) "is wholly owned by Beatnik Investments, LLC." (Am. Notice at ¶ 3, ECF No. 2, PageID.23.) The notice then states that "[t]he members of Beatnik Investment[s], LLC are 2 trusts. The citizenship of the trustees are the state of Illinois." (*Id.*)

These jurisdictional allegations are insufficient for two reasons. First, AEW does not identify the trustees and does not provide sufficient facts for the Court to be able to determine their citizenship. AEW's conclusory allegation concerning the citizenship of the trustees is not enough. Second, AEW has not provided enough

3

information for the Court to be able to determine whether the citizenship of the trusts rests upon the citizenship of the trustees. As the United States Court of Appeals for the First Circuit has stated under similar circumstances to those here:

> Although defendants have traced back several of their members' members to individuals and corporations, their affidavit and exhibits reveal that some of the ultimate owners of the nested LLCs that own the defendant LLCs are trusts. For each trust, defendants provided the citizenship of only the trustee without describing the nature of the trust. This is insufficient to determine the trusts' citizenships.
>
> As the Supreme Court has explained, sometimes a trust is treated like an unincorporated association, taking as its citizenship the citizenship of its members. *Americold Realty Tr.*, 577 U.S. at 382, 136 S.Ct. 1012. In *Americold*, the Court attributed "confusion" regarding trust citizenship to "tradition," because "[t]raditionally, a trust was not considered a distinct legal entity, but a 'fiduciary relationship' between multiple people," so "proceedings involving a trust were brought by or against the trustees in their own name[s]," and accordingly the trustees' citizenships were the ones that mattered. *Id.* at 383, 136 S.Ct. 1012. But because states "have applied the 'trust' label to a variety of unincorporated entities" that can sue or be sued, those entities "possess[] the citizenship of all [their] members." *Id.* Many circuit courts have interpreted this language to mean that a "traditional" trust – one that "exists as a fiduciary relationship and not as a distinct legal entity" – takes the citizenship of its trustee, while a trust which does exist as a separate legal entity takes the citizenship of all its members. *See GBForefront, L.P. v. Forefront Mgmt. Grp., LLC*, 888 F.3d 29, 39 (3d Cir. 2018); *see also Wang ex rel. Wong v. New Mighty U.S. Tr.*, 843 F.3d 487, 494 (D.C. Cir. 2016); *Raymond Loubier Irrevocable Tr. v. Loubier*, 858 F.3d 719, 729–32 (2d Cir. 2017). To determine whether a trust is traditional, courts

4

> have looked to whether it can sue and be sued, and the extent to which it is otherwise treated as a juridical person under state law. *See Americold*, 577 U.S. at 382, 136 S.Ct. 1012; *GBForefront*, 888 F.3d at 40–41; *Wang ex rel. Wong*, 843 F.3d at 494–95; *Loubier*, 858 F.3d at 729–31; *Alliant Tax Credit 31, Inc. v. Murphy*, 924 F.3d 1134, 1143 (11th Cir. 2019). Defendants have not provided this information, thus precluding us from even trying to determine how to treat their trusts.
>
> Nor have defendants provided information about the trusts' beneficiaries or members (however defined) that might moot any need to determine whether it is necessary to look beyond the citizenship of the trust or its trustees. *See, e.g.*, *Zoroastrian Ctr. & Darb-e-Mehr of Metro. Wash., D.C. v. Rustam Guiv Found. of N.Y.*, 822 F.3d 739, 749–50 (4th Cir. 2016) (avoiding the need to determine whether the trustees or beneficiaries need be considered by showing that all of the trustees and beneficiaries were citizens of states other than those of which the opposing parties were citizens).
>
> \*\*\*
>
> In sum, we conclude that the record is insufficient to establish complete diversity between plaintiff and defendants because it does not conclusively establish defendants' citizenships.

*BRT Mgmt. LLC v. Malden Storage LLC*, 68 F.4th 691, 697–98 (1st Cir. 2023).

AEW's jurisdictional allegations suffer from the same shortcoming.

For all of the reasons explained above, AEW's Amended Notice of Removal is insufficient to establish this Court's diversity jurisdiction. Accordingly, **IT IS HEREBY ORDERED** that Defendants shall, by **no later than July 22, 2025**, either (1) **SHOW CAUSE** in writing why this action should not be remanded due to a lack

5

of subject-matter jurisdiction; or (2) file a Second Amended Notice of Removal curing the deficiencies in the Amended Notice of Removal.

    **IT IS SO ORDERED.**

                                                        s/Matthew F. Leitman
                                                        MATTHEW F. LEITMAN
                                                        UNITED STATES DISTRICT JUDGE

Dated: July 8, 2025

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on July 8, 2025, by electronic means and/or ordinary mail.

                                                         s/Holly A. Ryan
                                                        Case Manager
                                                        (313) 234-5126