UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CHRISTOPHER FRANCIS DISPENSA,

    Plaintiff,

v.

                                                  Case No. 25-cv-12017
                                                  Hon. Matthew F. Leitman

JONATHAN DAVID GOOD, *et al.*,

    Defendants.

_____/

**ORDER (1) DENYING MOTION TO SEAL (ECF No. 8), AND (2) ADDRESSING CONSEQUENCES OF FAILURE TO FILE UNREDACTED COPY OF JURISDICTIONAL AFFIDAVIT**

In this action, Plaintiff Christopher Francis Dispensa claims that Defendants Jonathan David Good and All Elite Wrestling ("AEW") caused him "extensive injuries" when they committed a "violent and unscripted assault" against him during a performance at Little Caesar's Arena in Detroit, Michigan. (*See* Compl. at ¶¶ 10-15, ECF No. 2-1, PageID.33.) Dispensa originally filed the action in the Wayne County Circuit Court. (*See id.*, PageID.39.) AEW thereafter removed the action to this Court on the basis that this Court has original jurisdiction over Dispensa's claims under 28 U.S.C. § 1332. (*See* Notice of Removal, ECF No. 1; Am. Notice of Removal, ECF No. 2.) In the Notice of Removal, AEW contended that the parties were diverse because AEW was "formed in the state of Delaware" and "wholly owned by Beatnik Investments, LLC." (Am. Notice at ¶ 3, ECF No. 2, PageID.23.)

1

AEW also stated that the members of Beatnik Investments, LLC were two trusts and that the citizenship of the trustees of those trusts was Illinois. (*Id.*)  AEW did not identify the trustees nor provide sufficient facts for the Court to determine their citizenship.  It further did not provide sufficient information for the Court to determine whether the citizenship of the trust rests on the citizenship of the trustees.  Accordingly, the Court issued an order directing AEW to (1) show cause why the action should not be remanded due to a lack of subject-matter jurisdiction; or (2) file a Second Amended Notice of Removal curing the deficiencies in the Amended Notice of Removal. (*See* Show Cause Order, ECF No. 3.)

In response to the show cause order, AEW filed on the public docket, among other things, a redacted affidavit by the general counsel of Beatnik Investments, LLC, Timothy Francis Graham (the "Graham Affidavit"). (*See* Redacted Graham Aff., ECF No. 8-1, PageID.64.)   The redactions identify the trustees and beneficiaries of the trusts that are the members of Beatnik Investments, LLC. (See id.)

AEW also filed a motion to seal the Graham Affidavit (*see* Mot., ECF No. 8) and then filed the unredacted version of that affidavit under seal. (*See* Unredacted Graham Affidavit, ECF No. 9.)  For the reasons explained below, the motion to seal is **DENIED**.

2

There is a "strong presumption in favor of openness" as to court records. *Shane Grp., Inc. v. Blue Cross Blue Shield of Mich.*, 825 F.3d 299, 305 (6th Cir. 2016). The party seeking to seal such records has the "burden of overcoming" that presumption by showing a "compelling reason why certain documents or portions thereof should be sealed," and that the seal is "narrowly tailored to serve that reason." *Id.* The proponent of sealing must "'analyze in detail, document by document, the propriety of secrecy, providing reasons and legal citations.'" *Id.* (quoting *Baxter Int'l, Inc. v. Abbott Lab'ys*, 297 F.3d 544, 548 (7th Cir. 2002)).

AEW has failed to meet its burden. AEW seeks to seal the Graham Affidavit on the basis that disclosing the information in the affidavit "could impact the ownership, assets and liabilities of ownership" and that sealing the information "will not impair the reasoning for the public disclosure" or "impact the ultimate resolution of this matter[.]" (*Id.*, PageID.60.) While there is no absolute prohibition on filing jurisdictional facts – such as information concerning the ownership of entities involved in litigation – under seal, *see I F G Port Holdings, L.L.C. v. Lake Charles Harbor & Terminal Dist.*, 82 F.4th 402, 410 (5th Cir. 2023), this Court and others have disapproved of filing that information under seal based upon the justifications offered by AEW here. For instance, in *I F G Port Holdings, L.L.C.*, the United States Court of Appeals for the Fifth Circuit vacated the district court's order to seal information concerning the ownership of corporate entities because the "unspecified

3

and unsubstantiated privacy concerns" advanced by the party seeking the seal did "not amount to '*compelling* countervailing interests' sufficient to warrant nondisclosure of presumptively public judicial records." 82 F.4th at 412 (emphasis in original) (quoting *Binh Hoa Le v. Exeter Fin. Corp.*, 990 F.3d 410, 421 (5th Cir. 2021)) (also noting that it was "unclear why the ownership of [the] LLC [was] sensitive"). Another judge in this Court has similarly denied a motion to seal "an organizational chart of the persons and entities holding ownership interests in [an] LLC" that was filed to establish subject-matter jurisdiction because that information was "central to the most basic legal question at the outset of [the] lawsuit — whether the Court has jurisdiction in the first instance to entertain it." *Can IV Packard Square, LLC v. Schubiner*, No. 18-11404, 2018 WL 10626473, at *1–2 (E.D. Mich. June 18, 2018).

Given the "strong presumption" in favor of the openness of court records, the Court is not persuaded that the balance weighs in favor of sealing the Graham Affidavit. AEW offers nothing more than unsubstantiated privacy concerns relating to the ownership of the LLC. These concerns fall short of justifying the filing of the Graham Affidavit under seal.

Because the Graham Affidavit may not be filed under seal and because it is not currently part of the public docket, the Court will not consider it in assessing whether it (the Court) has subject-matter jurisdiction over this action. That leaves

4

AEW with two options. First, it may file an unredacted copy of the Graham Affidavit on the public docket within seven days. If it does so, the Court will consider the Graham Affidavit in assessing its jurisdiction. Second, it may decline to file the Graham Affidavit on the public docket. If it does that, the Court will remand this action to state court on the ground that the facts on the public docket do not establish the Court's subject-matter jurisdiction.

Accordingly, **IT IS HEREBY ORDERED** that if AEW does not file the unredacted version of the Graham Affidavit on the public docket **by August 5, 2025,** the Court will remand this action to state court.

**IT IS SO ORDERED.**

s/Matthew F. Leitman<br>
MATTHEW F. LEITMAN<br>
UNITED STATES DISTRICT JUDGE

Dated: July 29, 2025

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on July 29, 2025, by electronic means and/or ordinary mail.

s/Holly A. Ryan<br>
Case Manager<br>
(313) 234-5126